UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62328-GAYLES/STRAUSS

**LECHARLES RASHAD COAKLEY,**

    Plaintiff,

v.

**CITY OF HOLLYWOOD,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS MATTER** came before the Court upon the City of Hollywood's Motion to Dismiss Counts I, II, and III and Motion to Strike Punitive Damages Claim in Counts I, III, and V with Incorporated Memorandum of Law ("Motion") [DE 74], filed on November 2, 2020. I have reviewed the Motion, the Response [DE 100][2] and Reply [DE 101] thereto, and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART**, with Count II being dismissed, with Counts I and III being dismissed against the City of Hollywood (the "City"), and with Defendant's request to strike Plaintiff's prayer for punitive damages being denied as moot as to Counts I and III and denied as to Count V.

---

[1] This case has been referred to me address all pretrial matters in accordance with 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules for the Southern District of Florida [DE 81].

[2] Although Plaintiff is *pro se* and, therefore, is entitled to have his Response liberally construed, his Response completely fails to address the arguments raised in the Motion. Thus, affording the most liberal construction possible to his Response would not change the outcome.

## BACKGROUND AND FACTUAL ALLEGATIONS

Plaintiff filed his First Amended Complaint ("Amended Complaint") [DE 55], on August 19, 2020, against the City and four police officers. Plaintiff is currently *pro se* and was also *pro se* at the time this case was initially filed. However, Plaintiff was represented by counsel for a portion of these proceedings, and the Amended Complaint was prepared and filed by his (now-former) counsel. The Amended Complaint contains five counts, which are labeled as follows: Excessive Use of Force (Count I); Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of 42 U.S.C. § 1983 (Count II); False Arrest in Violation of 42 U.S.C. § 1983 (Count III); Battery (Count IV); and Battery (Count V).

The pending Motion has been filed by only the City,[3] which has been named as a defendant in each count of the Amended Complaint other than Count IV. Pursuant to the Motion, the City seeks dismissal of Counts I-III. The City also requests the striking of Plaintiff's prayer for punitive damages in Counts I, III, and V.

Plaintiff's claims arise out of actions he alleges occurred on July 9, 2016. DE 55 ¶ 15. Early that morning, Plaintiff was standing outside of his girlfriend's apartment. *Id.* After noticing two of the defendant officers in a police cruiser, Plaintiff walked into the courtyard of the complex. *Id.* ¶ 16. He then observed one of the officers walk towards the courtyard and reach for his firearm. *Id.* ¶ 17. Because he feared for his life and safety, Plaintiff moved into a friend's backyard, where he sat on the ground with his back up against a wall of the home. *Id.* ¶¶ 18-21. Thereafter, officers broke down the fence to the backyard. *Id.* ¶ 21. An officer's canine then attacked Plaintiff, wounding his leg. *Id.* ¶ 22. The officers also attacked Plaintiff and dragged him while the canine

---

[3] Upon Plaintiff's Notice of Voluntary Dismissal [DE 62], the Court previously dismissed three of the four individual defendants from this case [DE 63]. The fourth individual defendant has not yet been served [*see* DE 102].

continued to attack him.  *Id.* ¶¶ 22-23.  As a result, Plaintiff's ankle became dislocated and his pants were ripped off.  *Id.* ¶ 23.  Several minutes later, Plaintiff was handcuffed and arrested (without probable cause) for trespassing, loitering, and resisting arrest without violence.  *Id.* ¶¶ 24-25.  In fact, following a subsequent suppression hearing at which the state court found an absence of either probable cause or reasonable suspicion, the charges against Plaintiff were dismissed.  *Id.* ¶ 28.

## **LEGAL STANDARD**

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do."  *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face."  *Id.* at 555, 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679)).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).  Courts must accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*,

942 F.3d 1215, 1229 (11th Cir. 2019); *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## ANALYSIS

### I. REQUEST FOR DISMISSAL OF COUNTS I-III

Count II of the Amended Complaint should be dismissed, and Counts I and III should be dismissed as to the City. As a municipality, the City may be liable under 42 U.S.C. § 1983[4] if the City "itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978)). However, municipalities "are not vicariously liable under § 1983 for their employees' actions." *Id.* (citations omitted). *See also Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

"Instead, to impose municipal liability under § 1983, a plaintiff must allege facts showing: '(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy

---

[4] 42 U.S.C. § 1983 provides, in pertinent part, the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.'" *Gurrera v. Palm Beach Cnty. Sheriff's Off.*, 657 F. App'x 886, 893 (11th Cir. 2016) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).  Thus, in addition to demonstrating a violation of constitutional rights, a plaintiff must show "that 'action pursuant to official municipal policy' caused [his] injury." *Connick*, 563 U.S. at 60 (citing *Monell*, 436 U.S. at 691, 694).  Satisfying the causation element requires a showing that the custom or policy at issue was "the 'moving force' behind the constitutional deprivation."  *Gurrera*, 657 F. App'x at 893 (citing *Monell*, 436 U.S. at 690-94).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  *Connick*, 563 U.S. at 61.  Such widespread practices are "customs."  *See Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) ("A custom is a practice that is so settled and permanent that it takes on the force of law." (citing *Monell*, 436 U.S. at 690-91)).  Accordingly, "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."  *Gurrera*, 657 F. App'x at 893 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997)). "Demonstrating a policy or custom generally requires the plaintiff to show a persistent and widespread practice."  *Brennan v. Headley*, 807 F. App'x 927, 937-38 (11th Cir. 2020) (quoting *Goodman v. Kimbrough*, 718 F.3d 1325, 1335 (11th Cir. 2013)).

Additionally, "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983," but "[a] municipality's culpability for a

deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61. The failure to train "must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (alteration in original) (citation omitted). The deliberate-indifference standard is stringent. *Id.* It "requir[es] proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* (citation omitted). "Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Id.* (citation omitted).

Here, the City correctly argues that the allegations in Counts I-III of the Amended Complaint – all § 1983 claims – are insufficient to satisfy *Monell* in light of the pleading requirements enunciated in *Twombly* and *Iqbal*. Specifically, the Amended Complaint fails to identify any formal policy or to include any non-conclusory allegations regarding any unofficial policy or custom that may be at issue. First, in the general allegations of the Amended Complaint, paragraphs 33-34 address alleged policies and customs, but they only do so in an overly conclusory manner. *See* DE 55 ¶ 33 ("Further, the Mayor and City Council have been advised of the custom and policy of the police department of harassing citizens, unnecessary arrests and field interrogations, the drawing of firearms unnecessarily through the repeated complaints of citizens, and have ratified the misconduct of the police department by taking no action."); DE 55 ¶ 34 ("The City of Hollywood implemented and enforced policies that encouraged unconstitutional stop-and-frisks, searches, seizures, and arrests of its residents by officers of the Hollywood Police Department. There have been multiple complaints from citizens, but the City of Hollywood fails to take any corrective action to remedy these unconstitutional practices."). To the extent Plaintiff

relies on these paragraphs in attempting to state a *Monell* claim, his reliance is misplaced as these paragraphs fail to identify any particular policy or specific instances forming a persistent and widespread practice necessary to identify a custom. Thus, the allegations are plainly insufficient to state such a claim. *See McCants v. City of Mobile*, 752 F. App'x 744, 748 (11th Cir. 2018) (affirming dismissal of claims against city because factual allegations did not "raise a right to relief above the speculative level" where allegations of widespread issues were unsupported and where no "specific" ordinance, rule, or regulation was identified).

Then, in Counts I-III themselves, the only count that makes a modicum of an attempt, albeit one that is insufficient, to satisfy *Monell* is Count II. In fact, Count III does not refer to any policy or custom at all (even in a conclusory manner), and Count I's allegations regarding the alleged policies or customs at issue are even more general and conclusory than those in the general allegations of the Amended Complaint. *See* DE 55 ¶ 41 ("acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of Hollywood"); DE 55 ¶ 52 ("acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in actions"). Instead, the City's alleged liability in both Counts I and III appears to be largely, if not entirely, premised on the theory of *respondeat superior* in direct contravention of *Monell*. *See* DE 55 ¶¶ 41-42, 55, 76. Thus, Counts I and III must be dismissed as to the City.

Count II, which has been brought against only the City, must also be dismissed. Though it contains more plentiful allegations regarding policies or customs, including allegations of failure to train, the allegations are still conclusory, do not identify any specific policy or custom, and do not provide facts regarding any other specific similar situations to attempt to establish any pattern. The allegations do not identify any widespread pattern or any deficiencies in any training program,

let alone deficiencies or any other specific customs of which the City was made aware before the incident alleged in this case occurred.  Instead, Count II contains the following generalized and conclusory allegations (among others): (1) The City failed to adequately train or supervise officers "concerning the rights of citizens . . . such that it is a well-settled policy, practice and custom for [o]fficers . . . to take extreme and reckless action" resulting in injuries to citizens, DE 55 ¶ 3; (2) the City "was on notice, by this history of widespread abuse and of the need to correct the well-settled policy, practice and custom of its Officers' extreme and reckless actions against its citizens," DE 55 ¶ 64; (3) the City "maintained a policy and/or custom of inadequately and improperly investigating citizen complaints of police misconduct," DE 55 ¶ 65; (4) the City has a policy or custom of limiting internal investigations, DE 55 ¶ 66; (5) the City "was on notice of the history of failing to properly investigate (and thus address and correct) the extreme and wanton acts of its [o]fficers," DE 55 ¶ 68; and (6) the officers involved "had a history of official and unofficial reports of excessive use of force incidents causing injuries and violations of citizens' rights," which the City knew, ratified, and condoned, DE 55 ¶ 70.

But Plaintiff alleges no facts to support the foregoing allegations.  None of Plaintiff's allegations point to any specific policy.  Moreover, Plaintiff does not plausibly allege any custom (including any specific failure-to-train issue of which the City had notice) based on some widespread pattern given that he does not include factual allegations regarding any situations other than his own to attempt to establish a pattern.  *See Gurrera*, 657 F. App'x at 893-94 (affirming dismissal of complaint and stating that aside from "conclusory allegations, Plaintiff fail[ed] to identify any examples beyond his own arrest of widespread unconstitutional conduct." (citing *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1311-12 (11th Cir. 2011))); *Casado v. Miami-Dade Cnty.*, 340 F. Supp. 3d 1320, 1327 (S.D. Fla. 2018) ("The Amended Complaint is devoid of any

factual allegations of any prior incidents or the County's alleged knowledge and alleged failure to deter the conduct at issue. Neither the Supreme Court nor the Eleventh Circuit has ever imposed municipal liability based on a single incident under *Monell*." (citations omitted)).  Attempts to allege municipal liability pursuant to § 1983 have in fact failed in other cases where more was alleged to attempt to demonstrate a custom or unofficial policy. *See, e.g.*, *Reynolds v. City of Daytona Beach*, No. 6:18-CV-1921-Orl-28LRH, 2019 WL 2412433, at *7-10 (M.D. Fla. May 22, 2019), *report and recommendation adopted*, 2019 WL 2411537 (M.D. Fla. June 7, 2019) (finding that the plaintiff failed to state a claim where complaint attempted to establish pattern by citing to specific court cases, albeit ones that did not involve the particular practice the plaintiff was alleging).  Moreover, Plaintiff's conclusory allegations regarding some unspecified number of complaints are insufficient not only because the complaints are not identified in the Amended Complaint, but also because there are no allegations to establish that any such complaints had any merit.  *See Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987) ("Quite simply, there is no evidence that city officials were aware of past police misconduct. . . . Brooks never demonstrated that past complaints of police misconduct had any merit. Indeed, the number of complaints bears no relation to their validity."); *Casado*, 340 F. Supp. 3d at 1328 (applying *Brooks* at the motion-to-dismiss stage).  Accordingly, Count II of the Amended Complaint should be dismissed.

Having determined that Counts I-III should be dismissed, I recommend that dismissal of all three counts be without prejudice, with Plaintiff being provided one final opportunity to seek leave to amend, by motion, within a short period of time.  I note that Defendant has only requested dismissal *with prejudice* of Counts I and III – its request for dismissal of Count II does not seek dismissal with prejudice.  However, Counts I-III, though pled separately, all appear to be intertwined.  Counts I and III contain more allegations regarding the alleged violation of

constitutional rights, while Count II appears to be focused on satisfying *Monell* without actually setting forth the same allegations of constitutional violations. To state a claim against the City, if possible, Plaintiff likely needs to include certain allegations presently included in all three counts, in addition to other allegations necessary to satisfy *Monell*, *Twombly*, and *Iqbal*. Given that Plaintiff is *pro se*, that he has only amended his complaint once, that Defendant does not seek dismissal with prejudice of Count II, and that Plaintiff's counsel withdrew around the time the Motion was filed, I recommend that the Court dismiss Counts I-III without prejudice and allow Plaintiff a short period of time within which to file a motion for leave to amend if he so desires.

## II. PUNITIVE DAMAGES

The City also requests that the Court strike Plaintiff's prayer for punitive damages in Counts I, III, and V of the Amended Complaint. In light of my recommendation that Counts I and III be dismissed as to the City, I recommend that the City's request be denied as moot with respect to Counts I and III. However, if the Court does not dismiss Counts I and III, the City's request should be granted as to these counts because "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

As to Count V, I recommend that the City's request to strike Plaintiff's request for punitive damages be denied. The City implies that the allegations of Count V show that punitive damages are not available. Specifically, the City first notes Plaintiff's allegation in Count V that the actions at issue were "intentional, but not done in bad faith or with malicious intent or in a manner to exhibit wanton or willful disregard for human rights, safety or property." DE 55 ¶ 87. Then, the City argues that "[p]unitive damages are appropriate when a defendant has acted with malicious intent, evil motive, or reckless or callous disregard for the rights and safety of others." DE 74 at p. 13 (citing *Bennis v. Gable*, 823 F.2d 723, 734 (3d Cir. 1987)). Although paragraph 87 of the

Amended Complaint does appear to largely negate the availability of punitive damages for Count V, it does not expressly state that the actions at issue were not undertaken with "reckless or callous disregard." Moreover, *Bennis*, the only case Defendant cites in support of striking the prayer for punitive damages in Count V, states when punitive damages are available for § 1983 claims. However, Count V is a state-law battery claim, and Defendant fails to address whether the same standard for punitive damages applies. Given the foregoing, that Defendant's argument is largely made in passing, and that motions to strike should be granted sparingly,[5] striking Plaintiff's prayer for punitive damages in Count V would be premature at this time.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court:

1. **GRANT IN PART and DENY IN PART** the Motion [DE 74];

2. Dismiss Count II of the Amended Complaint without prejudice;

3. Dismiss Counts I and III of the Amended Complaint without prejudice, with respect to the City;

4. Provide Plaintiff with a short period of time within which to file a motion for leave to amend;

5. Deny as moot the City's request to strike Plaintiff's prayer for punitive damages in Counts I and III or, if Counts I and III are not dismissed, strike Plaintiff's prayer for punitive damages in Counts I and III as to the City; and

6. Deny the City's request to strike Plaintiff's prayer for punitive damages in Count V.

---

[5] *See Triton II, LLC v. Randazzo*, No. 18-CV-61469, 2019 WL 1777726, at *9 (S.D. Fla. Apr. 23, 2019) (denying motion to strike request for punitive damages and noting that "motions to strike are considered drastic, granted sparingly and often disfavored").

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**The Clerk shall mail a copy of this Order to Plaintiff, LeCharles Rashad Coakley, at 2020 Scott Street, Hollywood, FL 33020.**

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 15th day of January 2021.

Jared M. Strauss
United States Magistrate Judge