UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-62328-GAYLES/STRAUSS

LECHARLES RASHAD COAKLEY,

        Plaintiff,

v.

CITY OF HOLLYWOOD,

        Defendant.

_____/

## ORDER

        **THIS CAUSE** comes before the Court on Defendant City of Hollywood's ("City") Motion to Dismiss Counts I, II and III and Motion to Strike Punitive Damages Claim in Counts I, III, and V (the "Motion"). [ECF No. 74]. This action was referred to Magistrate Judge Jared M. Strauss, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial matters. [ECF No. 81]. On January 15, 2021, Judge Strauss issued his report recommending that the Motion be granted in part and denied in part (the "Report"). [ECF No. 104]. In particular, Judge Strauss recommended that the Court dismiss Count II of the Amended Complaint without prejudice, dismiss Counts I and III of the Amended Complaint without prejudice as to the City, deny as moot the City's request to strike Plaintiff's prayer for punitive damages in Counts I and III and deny the City's request to strike Plaintiff's prayer for punitive damages in Count V. Plaintiff filed an untimely objection to the Report. [ECF No. 111].

        A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings

that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

On two instances, the Court directed Plaintiff to file his objection to the Report on or before February 12, 2021. *See* [ECF Nos. 108, 109]. Yet, Plaintiff failed to do so. Therefore, since no timely objection was filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Evans v. Saul*, No. 19-cv-63031, 2021 WL 229979, at *1 (S.D. Fla. Jan. 22, 2021) (quoting Fed. R. Civ. P. 72 Advisory Committee Notes). After a careful review of the record and Report for *clear error*, the Court agrees with Judge Strauss's well-reasoned analysis and conclusions that the Motion be granted in part and denied in part.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Strauss's Report and Recommendation, [ECF No. 104], is **ADOPTED in full**;

2. Defendant City of Hollywood's Motion to Dismiss Counts I, II and III and Motion to Strike Punitive Damages Claim in Counts I, III, and V, [ECF No.74], is **GRANTED in part** and **DENIED in part** as follows:

   a. Count II of the Amended Complaint is **DISMISSED without prejudice**.

   b. Counts I and III of the Amended Complaint are **DISMISSED without prejudice** against the City.

   c. City's request to strike Plaintiff's prayer for punitive damages in Counts I and III is **DENIED as moot**.

d.  City's request to strike Plaintiff's prayer for punitive damages in Count V is

   **DENIED**.

3.  Plaintiff may seek leave to file a Second Amended Complaint on or before May 31, 2021.[1]

   **DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of May, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff wishes to amend his Complaint, he must request leave to file a second amended complaint in a properly filed motion before the Court. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (citation omitted)); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff must comply with Federal Rule of Civil Procedure 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment").