UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-62328-GAYLES/STRAUSS

LECHARLES RASHAD COAKLEY,

        Plaintiff,

v.

CITY OF HOLLYWOOD,

        Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Magistrate Judge Jared M. Strauss's Report and Recommendation on the Order to Show Cause (the "Report). [ECF No. 106]. This action was referred to Judge Strauss, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial matters. [ECF No. 81]. On January 4, 2021, Judge Strauss entered an Order to Show Cause because Plaintiff failed to comply with Federal Rule of Civil Procedure 4(m), which states that if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant. [ECF No. 102]. Judge Strauss gave Plaintiff until January 19, 2021 to file a written response to show why the case should not be dismissed without prejudice against Defendant Brayan Kalish. *Id.* Plaintiff did not file any response or to take any action in response to the Order to Show Cause. Accordingly, on January 22, 2021, Judge Strauss issued his Report recommending that this case be dismissed without prejudice against Defendant Brayan Kalish for Plaintiff's failure to serve the complaint within 90 days after the complaint was filed. [ECF No. 106]. Plaintiff filed a timely objection to the Report. [ECF No. 110].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having conducted a *de novo* review, the Court agrees with Judge Strauss's well-reasoned analysis and conclusions. While Plaintiff's objection claims Kalish is an active wrongdoer in this litigation, Plaintiff must conform with this Court's procedural rules.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Strauss's Report and Recommendation, [ECF No. 106], is **ADOPTED.**
2. This case is **DISMISSED without prejudice** as to Defendant Brayan Kalish.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of May, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE