UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62328-GAYLES/STRAUSS

**LECHARLES RASHAD COAKLEY,**

    Plaintiff,
v.

**CITY OF HOLLYWOOD,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court upon the following motions filed by Plaintiff: (1) Motion to Reopen Case, Motion to Order the City of Hollywood to Pay [DE 178]; (2) Motion to Reopen Case [DE 180]; and (3) Motion to Accept Payment in Full Offered at Mediation in Videos [DE 181] (collectively, the "Motions"), which have been referred to me [DE 183]. I have reviewed the Motions and all other pertinent portions of the record.

On November 15, 2021, Defendant filed a Notice of Settlement [DE 173]. Consequently, on November 17, 2021, the Court entered an order administratively closing this case, which required the parties to file, within 30 days, "a Stipulation or Notice of Dismissal and/or Settlement Agreement along with any other pertinent document necessary to conclude this action." [DE 174]. On December 13, 2021, Plaintiff filed a Notice of Settlement Agreement [DE 175]. Plaintiff's notice stated that the parties "have come to an agreement to settle this case by mailing a settlement check to [Plaintiff]. This matter is settled in full." [DE 175]. Consequently, the Court entered an Order dismissing this action with prejudice "pursuant to Plaintiff's 175 Settlement Agreement." [DE 176]. The parties did not appeal or seek relief from the Court's final order of dismissal.

In August and September 2024, nearly three years after the entry of the Court's final order of dismissal, Plaintiff filed the instant Motions. Plaintiff effectively seeks to have the Court reopen this case and enforce the parties' settlement agreement. According to Plaintiff, Defendant agreed to pay Plaintiff $40,000 but only paid him $5,000. The Court, however, is powerless to consider the merits of the Motions because it lacks jurisdiction to do so.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "When a district court issues a final decision, it 'disassociates itself from a case.'" *Hendrickson v. United States*, 791 F.3d 354, 360 (2d Cir. 2015) (quoting *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 42 (1995)). At that point, "its jurisdiction over that case comes to an end, except for certain collateral matters . . . ." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)). Thus, when a court dismisses a case, that case is no longer pending, and the court lacks jurisdiction to take further action in the case. *Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 751 (8th Cir. 1996); *see also Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021). "A dismissal 'ordinarily—and automatically—strips the district court' of the power to hear that dispute." *Vikas WSP, Ltd. v. Econ. Mud Prod. Co.*, 23 F.4th 442, 451 (5th Cir. 2022) (citation omitted).

While "a district court loses its power over a case once that case is dismissed," it "may retain jurisdiction for certain limited purposes, such as enforcement of a settlement, to protect its authority and judgments." *Id.* at 453 (citing *Kokkonen*, 511 U.S. at 381); *see also Cohan v. Trattoria Romana, Inc.*, No. 20-CV-81437, 2024 WL 248765, at *7 (S.D. Fla. Jan. 5, 2024), *report and recommendation adopted*, 2024 WL 245265 (S.D. Fla. Jan. 23, 2024) ("Once a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to the extent that it specifically retains jurisdiction." (quoting *Bacson Tobacco Co. v. Diplomatic Int'l Co.*, No.

20-CV-21066, 2020 WL 3268238, at *1 (S.D. Fla. May 29, 2020); *United States v. 2411 NE 32nd Ct.*, No. 97-2729-CIV, 2012 WL 718780, at *1 (S.D. Fla. Mar. 6, 2012))). However, "[a] federal court does not automatically retain jurisdiction to hear a motion to enforce or otherwise apply a settlement in a case that it has previously dismissed." *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 304-05 (2d Cir. 2014) (quoting *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 134 (2d Cir. 2011)); *see also Hendrickson*, 791 F.3d at 361 ("We therefore join the Fifth and Eleventh Circuits in holding that, once a case has been dismissed with prejudice, a district court's post-dismissal actions cannot confer upon the court ancillary jurisdiction to enforce a settlement agreement.").

Moreover, "because federal courts are courts of limited jurisdiction, an order that merely approves a settlement and dismisses a case based on that settlement isn't by itself enough for the federal court to retain jurisdiction to enforce the settlement." *L. Sols. of Chicago LLC v. Corbett*, 971 F.3d 1299, 1317 (11th Cir. 2020). Rather, a district court will only have the power to enforce the parties' settlement after dismissal if it "either incorporates the terms of [the] settlement into its final order of dismissal or expressly retains jurisdiction to enforce [the] settlement." *Id.* (quoting *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002)).[1]

Here, the Court's dismissal order [DE 176] did not expressly retain jurisdiction to enforce the parties' settlement. Nor did it incorporate the terms of their settlement. Although the Court's order [DE 176] dismissed this case with prejudice "pursuant to Plaintiff's 175 Settlement

---

[1] "*Kokkonen* expressly contemplates that a court may take the same steps to retain jurisdiction over a settlement agreement whether a case is dismissed under Rule 41(a)(1) or Rule 41(a)(2)." *Hendrickson*, 791 F.3d at 361 (citing *Kokkonen*, 511 U.S. at 381-82).

Agreement," a court's "mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [the court's] order." *Kokkonen*, 511 U.S. at 381.[2]

Ultimately, because this "case was dismissed and jurisdiction was not retained," this Court does not have jurisdiction to consider the Motions. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012). Therefore, I respectfully **RECOMMEND** that the Motions [DE 178, 180, 181] be **DENIED**.[3] Plaintiff's Motion to Compel [DE 184] should be **DENIED** for the same reason – the Court lacks jurisdiction.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

---

[2] *See also Hendrickson*, 791 F.3d at 360 ("'Merely acknowledging the existence of the settlement that precipitated the dismissal' will not suffice." (alterations adopted) (citation omitted)); *StreetEasy*, 752 F.3d at 305 ("The order dismissing the underlying case provided that '[b]ased on the settlement agreement reached by all parties and transcribed by the court reporter on January 24, 2012, . . . IT IS HEREBY ORDERED THAT this action is dismissed with prejudice and without costs.' The order does not expressly retain jurisdiction over enforcement of the agreement, nor does it incorporate any of the terms of that agreement. Instead, it merely acknowledges the existence of the settlement that precipitated the dismissal. The parties' settlement agreement, in turn, says nothing about the district court retaining jurisdiction to adjudicate disputes arising out of the agreement. These circumstances are insufficient to confer ancillary jurisdiction on the district court to adjudicate what remains a state law contract claim." (footnotes and citation omitted)).

[3] Plaintiff is not without recourse if Defendant breached the parties' settlement agreement (an issue this Court lacks jurisdiction to decide). If Defendant breached the parties' agreement, Plaintiff is free to bring a breach of contract claim in state court. *See Kokkonen*, 511 U.S. at 382.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 4th day of October 2024.

Jared M. Strauss
United States Magistrate Judge